UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL M.,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALFIORNIA CITY IMMIGRATION PROCESSING CENTER,<br><br>Respondent. | No. 1:26-cv-08282-MKD<br><br>A# 088-010-486<br><br>ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART AND REQUIRING BOND HEARING |

Petitioner, an immigration detainee at the California City Immigration Processing Center proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. For the reasons discussed below, the Court grants the petition in part and orders Respondent to provide Petitioner an individualized bond hearing under 8 U.S.C. § 1226(a).

**BACKGROUND**

Petitioner is a native and citizen of Haiti who entered the United States on February 1, 2010, on a visitor visa. ECF No. 5-1 at 12. His immigration records reflect that he received temporary protected status, which expired on July 22, 2019.

*Id.* at 3.

Petitioner's criminal history includes a 2014 charge for procuring a prostitute, for which the records identify a disposition of pretrial diversion. *Id.* at 22. He later was arrested for grand theft in Florida. *Id.* at 3. According to Petitioner, that charge arose after an acquaintance gave him money to purchase a car, but he failed to provide the car or return the money. ECF No. 1 at 1-2. On June 26, 2025, he pleaded no contest and was ordered to pay $8,000 in restitution. *Id.* at 2. His criminal history record reflects a two-year term of probation. ECF No. 5-1 at 18.

On July 2, 2025, Customs and Border Protection officers encountered Petitioner at the Champlain, New York, port of entry after he made a wrong turn while dropping off a passenger traveling to Canada. *Id.* at 2. Officers checked his records, discovered his probation and expired immigration status, and took him into custody. *Id.* The Department of Homeland Security charged him with remaining in the United States beyond his authorized period and directed his detention pending removal proceedings. *Id.* at 12, 15. He was taken to the Buffalo Federal Detention Facility in Batavia, New York. ECF No. 1 at 2.

Petitioner withdrew his first request for a custody redetermination without prejudice on July 21, 2025. ECF No. 5-1 at 9. On August 14, 2025, an immigration judge denied bond upon finding that Petitioner presented a "danger to

community and flight risk." *Id.* at 7. On October 2, 2025, an immigration judge ordered Petitioner removed to Haiti. ECF No. 5-2 at 5-6. Petitioner appealed that order to the Board of Immigration Appeals on October 24, 2025. *Id.* at 1. His removal appeal remains pending.

On April 22, 2026, an immigration judge denied Petitioner's renewed custody request because he had not shown materially changed circumstances. ECF No. 5-1 at 5. The immigration judge explained that Petitioner had not demonstrated that he had appealed his criminal conviction or sought to vacate his plea. *Id.* The immigration judge also found that Petitioner had not satisfied the requirements for reopening based on ineffective assistance of counsel. *Id.*

The petition includes notices issued by the Florida state court scheduling hearings on Petitioner's motion for postconviction relief for May 13 and July 28, 2026. ECF No. 1 at 44, 46. Petitioner alleges that he was unable to attend either hearing because ICE officials did not arrange for him to participate by videoconference despite his requests. *Id.* at 5.

Petitioner has now been detained for more than sixteen months.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas

corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, the Court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**DISCUSSION**

Petitioner contends that his prolonged detention violates due process. ECF No. 1 at 6. Respondent argues that Petitioner must exhaust administrative remedies before seeking further relief in this Court and has received constitutionally adequate bond proceedings. ECF No. 5 at 3-4.

**A. Exhaustion**

Respondent argues that Petitioner must request another bond hearing and exhaust administrative remedies before seeking habeas relief. ECF No. 5 at 3–4. For immigration habeas claims, "[t]he exhaustion requirement is prudential, rather than jurisdictional." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

The Court may excuse exhaustion when further administrative proceedings would cause irreparable injury. *Id.*

Petitioner has already sought review of his detention, including a renewed request denied in April 2026. ECF No. 5-1 at 5, 7. He has since, however, supplied state court notices showing that he sought the postconviction relief discussed in that denial. ECF No. 1 at 44, 46. Requiring another request and completion of administrative review would extend his detention before the Court could address his claim that a new hearing is constitutionally required. He has already spent more than sixteen months in custody. The relief ordered below will allow the immigration judge to consider the additional evidence and decide whether release is warranted. Under these circumstances, the Court excuses further exhaustion.

**B. Continued Detention**

Respondent acknowledges that Petitioner's detention is governed by 8 U.S.C. § 1226(a). ECF No. 5 at 1. Under the ordinary procedures governing that detention, Petitioner bears the burden of establishing eligibility for release by a preponderance of the evidence. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). Due process does not categorically require a second hearing at which the government bears the burden of proof by clear and convincing evidence. *Id.* at 1213. But *Rodriguez Diaz* expressly declined to "foreclose all as-applied

challenges to § 1226(a)'s procedures." *Id.*

In assessing the process due, the Court considers Petitioner's liberty interest, the risk of unnecessary detention and the value of additional procedures, and Respondent's interests and the burdens those procedures would impose. *Hernandez*, 872 F.3d at 993-94. Petitioner has been detained for more than sixteen months, and the last decision addressing whether he presented a danger or flight risk was entered in August 2025. ECF No. 5-1 at 7. The April 2026 decision rejected his renewed request in part because he had not shown that he was challenging his conviction or plea. *Id.* at 5. The state court notices now show that he sought postconviction relief. ECF No. 1 at 44, 46. A new hearing will allow the immigration judge to consider those proceedings and any other evidence bearing on whether Petitioner's continued detention is necessary.

Providing another hearing under the existing procedures imposes a modest burden on Respondent. Respondent states that it would not object to another hearing, although it maintains that Petitioner must request one and satisfy the applicable regulations. ECF No. 5 at 3. Considering the length of detention, the time since the August 2025 determination, and the evidence submitted after the April 2026 denial, the Court concludes that due process requires a new hearing on Petitioner's present danger and flight risk. Petitioner will retain the ordinary burden of proof. The immigration judge will determine whether he has met that

burden and whether release is warranted.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Petition for Writ of Habeas Corpus, **ECF No. 1**, is **GRANTED in part**, as set forth below.

2. Within **seven days of this Order**, unless Petitioner requests a later date, Respondent **SHALL** provide Petitioner an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a).

3. The immigration judge shall consider Petitioner's current circumstances and provide him a meaningful opportunity to present evidence. The immigration judge shall determine on the merits whether Petitioner's current circumstances warrant release. Petitioner shall bear the ordinary burden of establishing eligibility for release by a preponderance of the evidence.

4. Respondent **SHALL** provide Petitioner at least 72 hours' written notice of the hearing in a language he understands. Petitioner **SHALL** be permitted to appear and be represented by counsel. Any counsel appearing on his behalf **SHALL** also receive at least 72 hours' notice.

5. Respondent **SHALL** provide a copy of this Order to the immigration judge presiding over the bond hearing and arrange for the hearing to

be recorded.

6. If the hearing does not occur **within seven days**, Respondent **SHALL release Petitioner** subject to appropriate conditions of supervision, unless Petitioner has requested a later hearing date.

7. The Clerk of Court is directed to serve the California City Immigration Processing Center with a copy of this Order.

**IT IS SO ORDERED.** The Clerk of Court shall enter judgment for Petitioner and **CLOSE** this case.

DATED November 16, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE